IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22CR00313 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JUWAN GUNDIC, | ) | |
| | ) | **REPORT AND RECOMMEN-** |
| Defendant. | ) | **DATION RE DEFENDANT'S** |
| | ) | **CHANGE OF PLEA** |

Pursuant to General Order 99-49, the District Judge referred this case to me to receive with the consent of the parties defendant Juwan Gundic's offer of a plea of guilty, to conduct the plea colloquy prescribed by Fed. R. Crim. P. 11, to cause a verbatim record of the proceedings to be prepared, to refer the matter, if appropriate, for presentence investigation, and to submit a report and recommendation stating whether Gundic's plea of guilty should be accepted and a finding of guilty entered.[1]  Accordingly, on June 22, 2022, Gundic, accompanied by his lawyer, Assistant Federal Public Defender Jeffrey B. Lazarus, proffered a plea of guilty to counts one and two of the indictment against him filed on June 9, 2022.[2]  Assistant United States Attorney Elizabeth M. Crook was present on behalf of the government.  Prior to the change of plea hearing, Gundic and counsel

---

[1] ECF #22.
[2] ECF #19.

1

consented to conducting this hearing before me.[3] I conducted this hearing via Zoom videoconferencing. Gundic and counsel also consented to proceeding in this manner.

Upon consideration of the change of plea hearing and the information proffered to me during it, I make the following findings:

1. Given the current pandemic and the required restrictions it has imposed on the Judiciary and the parties who appear before me, I find that the proceedings in this case cannot be further delayed without causing serious harm to the interests of justice. For this reason, I conducted the change of plea hearing with Gundic and counsel present and participating by videoconferencing.

2. Before Gundic offered his plea of guilty, I examined him as to his competency, advised him of the charges and consequences of conviction, informed him that the Court will be required to give consideration to the Federal Sentencing Guidelines and of the possibility of a departure from the Guidelines, notified him of his rights associated with a trial in this case, advised him that he waives those trial rights by pleading guilty except the right to counsel, and otherwise provided Gundic with the information prescribed in Fed. R. Crim. P. 11.

3. Counsel reported that the parties had entered into and signed a written plea agreement. AUSA Crook summarized its terms, and AFPD Lazarus agreed to that summary. I further reviewed the plea agreement's terms with Gundic, who acknowledged that he understood its terms and that he had agreed to them. Counsel advised me that, aside

---

[3] ECF #23.

from this written plea agreement and written addenda to it, if any, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties in conjunction with this case or Gundic's decision to change his plea.

4.      I questioned Gundic under oath about the knowing, intelligent, and voluntary nature of the plea of guilty.  He demonstrated and confirmed for me that he was offering his plea of guilty knowingly, intelligently, and voluntarily; and that he is competent to do so.

5.      Counsel provided me with sufficient information about the offense charged in counts one and two of the indictment and Gundic's criminal conduct to establish a factual basis sufficient for Gundic's guilty plea.  Gundic acknowledged this factual basis, and no objections were raised to the information provided.

In light of the foregoing and the record created in conjunction with the change of plea hearing, I find that Gundic's plea of guilty to counts one and two of the indictment pursuant to the terms of a written plea agreement and written addenda to that agreement, if any, was knowing, intelligent, and voluntary.  I further find that all requirements imposed by the United States Constitution and Fed. R. Crim. P. 11 have been satisfied.  Accordingly, I recommend that Gundic's plea of guilty to the two-count indictment be accepted and a finding of guilty be entered by the Court.

Dated: July 5, 2022                                        s/ William H. Baughman, Jr.
                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.